UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**DAVID W. R. BROWN,**

    **Plaintiff,**

vs.                                                                    Case No: 8:05-CV-2166-T-27EAJ

**UNITED STATES PATENT AND**
**TRADEMARK OFFICE, et al.,**

    **Defendants.**
_____/

## **ORDER**

Before the court are Plaintiff's **Motion to Compel Defendants to Comply with Rule 26(a)(1) and for Order to Show Cause why Defendants Should Not be Sanctioned on Account of Defendants' Disregard for the Federal Rules** (Dkt. 24), filed March 27, 2006, and Defendants' **Response** (Dkt. 29), filed on April 10, 2006.[1] Plaintiff brings this action against the United States Patent and Trademark Office ("USPTO") and several of its employees in their official capacities for review of Plaintiff's fee waiver application, which Plaintiff alleges was incorrectly denied. (Dkt. 1).

In his motion to compel, Plaintiff asserts that Defendants' disclosure under Rule 26(a)(1), Fed.R.Civ.P., was deficient. Plaintiff contends that Defendants' three-page disclosure is incomplete, fails to address Plaintiff's claims, and does not include content from Plaintiff's website that Defendants have downloaded.[2] Plaintiff states that Defendants intentionally violated Rule 26(a)(1)

---

[1] This matter has been referred to the undersigned by the District Judge for disposition. See 28 U.S.C. § 636; Local Rules 6.01(b) and 6.01(c), M.D. Fla.

[2] Plaintiff's argues that the information contained on his website, www.PatentOfficeLawsuit.info, is relevant to the USPTO's fee waiver test that is the subject of this litigation.

and requests that the court consider sanctioning Defendants by ordering Defendants to respond to all Plaintiff's discovery requests within 30 days. (Dkt. 24 at 4).

In the Rule 26(a)(1) disclosures Defendants tendered to Plaintiff, Defendants do not provide a list of individuals or documents containing discoverable information. Rather, Defendants suggest that the case must be decided based on a review of the administrative record which was previously filed with the court and served on Plaintiff and encourage Plaintiff to review the record for this information. (Dkt. 24, Exhibit A). In their response to Plaintiff's motion to compel, Defendants reiterate their argument that Rule 26(a)(1) disclosure requirements are satisfied by directing Plaintiff to the record. (Dkt. 29).

When a plaintiff seeks court review of a USPTO fee waiver decision, the court's review of the matter is limited to the record before the agency. 5 U.S.C. § 552(a)(4)(A)(vii); see also Judicial Watch, Inc. v. Rossotti, 326 F.3d 1309, 1311 (D.C. Cir. 2003). The administrative record has been filed with the court. (Dkt. 6). Since the court is limited to reviewing the record, engaging in further discovery which the court would not be able to consider is pointless. The Federal Rules of Civil Procedure recognize this by exempting an action for review on an administrative record from the Rule 26(a)(1) initial disclosure requirements. Fed.R.Civ.P. 26(a)(1)(E)(i). In this action, where the court is limited to a review of the administrative record, Defendants' initial disclosures as presented to Plaintiff are adequate. As Defendants have complied with Rule 26(a)(1), sanctions are not warranted.

It is **ORDERED** and **ADJUDGED**:

(1) Plaintiff's **Motion to Compel Defendants to Comply with Rule 26(a)(1) and for Order to Show Cause why Defendants Should Not be Sanctioned on Account of Defendants'**

**Disregard for the Federal Rules** (Dkt. 24) is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida this 18th day of April, 2006.

ELIZABETH A JENKINS
United States Magistrate Judge