**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**DAVID W. R. BROWN,**

    **Plaintiff,**

vs.                                                          **Case No: 8:05-CV-2166-T-27EAJ**

**UNITED STATES PATENT AND**
**TRADEMARK OFFICE, et al.,**

    **Defendants.**
_____/

**REPORT AND RECOMMENDATION**

Before the court are the Federal Defendants' **Motion for Summary Judgment** (Dkt. 20) and Plaintiff's **Amended Response** (Dkt. 23) which have been referred to the undersigned by the District Judge for consideration and issuance of a Report and Recommendation (Dkt. 31).[1]

**I.    BACKGROUND**

On July 11, 2005, Plaintiff requested certain documents from the United States Patent and Trademark Office ("USPTO") under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. Plaintiff asked for "a copy of the log of all lawsuits that have been brought against the USPTO since January 1, 2000" and asked that the USPTO waive the fee customarily required for gathering such documents. (Dkt. 6 at 64).[2] The USPTO responded to this request by providing Plaintiff with a nine-page printout of information from its electronic docketing systems. (See Dkt. 6 at 50-59).

---

[1] See 28 U.S.C. § 636(b)(1)(B); Local Rules 6.01(b) and 6.01(c), M.D. Fla.

[2] The Certified Administrative Record is located at Dkt. 6; references to page numbers are to the administrative record as a whole and can be found on the bottom right of the page.

Since the fees incurred in responding to this request totaled less than $20.00, no fee was charged. 37 C.F.R. § 102.11(d)(4).

On August 2, 2005, after receiving the printout response to his first request, Plaintiff requested either the specific information from the electronic docketing system or other documents that contained "the general counts and allegations of [lawsuits brought against the USPTO] and the names and addresses of the parties." (Dkt. 6 at 49). The USPTO responded to this request by letter on August 31, 2005 with an estimate of the search time that would be necessary to locate the documents requested. The USPTO indicated that it would take approximately 26 hours of search time[3] and would cost approximately $969.00 to locate the documents Plaintiff requested. (Dkt. 6 at 41).

In the same August 31, 2005 letter, the USPTO also denied Plaintiff's fee waiver application from his initial July 11, 2005 request. Applying 5 U.S.C. § 552(a)(4)(A)(iii), the USPTO found that Plaintiff did not: (1) explain how the requested records concern identifiable operations or activities of the government; (2) show how disclosure of the requested information is likely to contribute significantly to public understanding of USPTO operations or activities; or (3) show that Plaintiff possesses the ability to disseminate the requested information to the general public, or how he intends to do so. (Dkt. 6 at 42-43).

Plaintiff appealed the USPTO's denial of his fee waiver application (Dkt. 6 at 25-29) and the USPTO denied the appeal on October 26, 2005 (Dkt. 6 at 1-4). Plaintiff subsequently initiated this action for review.

---

[3] The 26-hour estimate does not include the first two hours of search time, as provided by 37 C.F.R. § 102.11(d)(3)(ii).

**II.    STANDARD OF REVIEW**

The court may grant a motion for summary judgment only when "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). Initially, the moving party bears the burden of identifying those portions of the pleadings and discovery in the record that it believes demonstrates the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). If this initial burden is met, the burden shifts to the non-moving party to go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial. Id. at 324.

At the summary judgment stage, the court will not weigh the evidence or make findings of fact. Morrison v. Amway Corp., 323 F.3d 920, 924 (11th Cir. 2003). Rather, the court's role is limited to determining whether there are genuine fact issues for trial. There is a genuine issue for trial when there is sufficient evidence upon which a reasonable juror could find for the non-moving party, and substantive law determines which facts are material. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); McCormick v. City of Fort Lauderdale, 333 F.3d 1234, 1243 (11th Cir. 2003). A mere scintilla of evidence supporting the nonmoving party's position will not suffice to demonstrate a material issue of genuine fact that precludes summary judgment. Walker v. Darby, 911 F.2d 1573, 1577 (11th Cir. 1990) (citing Liberty Lobby, 477 U.S. at 252). For purposes of summary judgment, all reasonable inferences are drawn in the non-movant's favor. Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970); Jackson v. BellSouth Telecomms., 372 F.3d 1250, 1280 (11th Cir. 2004).

**III.    DISCUSSION**

The court reviews a FOIA fee waiver decision de novo.  5 U.S.C. § 552(a)(4)(A)(vii).[4] Judicial review of an agency's fee waiver decision is limited to the record before the agency.  Id.; see also Judicial Watch, Inc. v. Rossotti, 326 F.3d 1309, 1311 (D.C. Cir. 2003).  The administrative record has been filed with the court.  (Dkt. 6).

FOIA's provisions allow certain processing fees associated with document requests to be waived for certain types of requesters.  FOIA establishes four categories of requesters for purposes of implementing fees.  Under 5 U.S.C. § 552(a)(4)(A)(ii), different fees are applied for: (1) records requested for commercial use; (2) records not for commercial use requested by educational or noncommercial scientific institutions or representatives of the news media; and (3) requests not falling into the first two categories.[5]  In addition, documents shall be provided without any charge, or reduced below the fee levels specified above, "if disclosure of the information is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester."

---

[4] Title 5 U.S.C. § 552(a)(4)(A)(vii) provides, in its entirety:
"In any action by a requester regarding the waiver of fees under this section, the court shall determine the matter de novo: *Provided*, That the court's review of the matter shall be limited to the record before the agency."  (italics in original).

[5] Title 5 U.S.C. § 552(a)(4)(A)(ii) mandates that:
"(I) fees shall be limited to reasonable standard charges for document search, duplication, and review, when records are requested for commercial use;
(II) fees shall be limited to reasonable standard charges for document duplication when records are not sought for commercial use and the request is made by an educational or noncommercial scientific institution, whose purpose is scholarly or scientific research; or a representative of the news media; and
(III) for any request not described in (I) or (II), fees shall be limited to reasonable standard charges for document search and duplication."

5 U.S.C. § 552(a)(4)(A)(iii).

Plaintiff asserts both that he is a representative of the news media and that the fees which would normally be assessed should be waived as disclosure of the documents is in the public interest. (Dkt. 1 at 4-5). If, for the purposes of this document request, Plaintiff were classified as a representative of the news media, fees associated with the document request would be limited to reasonable standard charges for document duplication.[6] If Plaintiff's secondary assertion were accepted and disclosure of the requested documents deemed to be in the public interest, the fees associated with the document request would be reduced or waived completely. 37 C.F.R. § 102.11(k)(1).

### A. Preliminary Matters

Plaintiff contends that the certified administrative record submitted by Defendants is incomplete. Plaintiff argues that he is aware of over 2,000 pages of documents in Defendants' possession that should have been included in the record but were not. (Dkt. 23 at 3). Plaintiff states that records from his internet server indicate that Defendants have downloaded "huge segments" of Plaintiff's website and chose to withhold this information from the court. Id. at 3-4.

This case involves reviewing the USPTO's decision to grant or deny Plaintiff a fee waiver for his document request under FOIA. The court's review is limited to the administrative record. 5 U.S.C. § 552(a)(4)(A)(vii). The administrative record should consist of those documents which the USPTO used to determine whether Plaintiff's fees should be waived for this FOIA request. The record submitted—which was certified to be a true and correct copy by Defendant Michael Briskin,

---

[6] Under current USPTO regulations, duplication costs are $.15 per page, excluding the cost of the first 100 pages. 37 C.F.R. § 102.11(c).

FOIA Officer with the USPTO—includes Plaintiff's e-mailed FOIA requests, letters from USPTO to Plaintiff, e-mails, memoranda, and handwritten notes made by USPTO employees in processing Plaintiff's requests, the documents provided by the USPTO in response to Plaintiff's first FOIA request, the USPTO estimate of charges for processing Plaintiff's second FOIA request and denial of his fee waiver request, Plaintiff's letter appealing that decision with three attachments, and the USPTO denial of Plaintiff's appeal. (Dkt. 6).

The administrative record appears to contain documents which would be prepared or assembled in the normal course of evaluating a FOIA fee waiver request. Plaintiff argues that the record is incomplete because Defendants failed to include information from Plaintiff's website. Plaintiff does not provide legal authority for the proposition that an agency must conduct independent research in making a fee waiver determination. In fact, Plaintiff bears the burden of providing information that supports his fee waiver request with the initial FOIA request. See 37 C.F.R. § 102.11(k)(5). Plaintiff apparently did not submit information from his website with either his July 11, 2005 or August 2, 2005 requests.

Plaintiff does not argue that any specific item he submitted to the USPTO in making those requests is missing from the administrative record. Plaintiff's primary contention is that the administrative record does not contain content from Plaintiff's own website, information which would be a part of the record only if Plaintiff had submitted it with his fee waiver request, which he did not. Plaintiff's arguments in this vein are meritless.

Plaintiff also asserts that the Supreme Court's ruling in Haines v. Kerner, 404 U.S. 519 (1972) should persuade the court to deny summary judgment. (Dkt. 23 at 2). In Haines, the Court held that pleadings drafted by a pro se plaintiff are held to a less stringent standard than those drafted

by an attorney. 404 U.S. at 520. The principle certainly applies here, and under this standard the allegations in Plaintiff's complaint are sufficient to avoid dismissal. However, Plaintiff overstates the holding in <u>Haines</u> and attempts to use the more lenient pleading standard to avoid summary judgment. Based on Plaintiff's <u>pro se</u> status, Plaintiff urges the court to deny Defendants' motion for summary judgment and allow the case to proceed to trial. Plaintiff misconstrues the degree of latitude accorded <u>pro se</u> plaintiffs. A <u>pro se</u> plaintiff's allegations or conclusory statements are not by themself sufficient grounds to deny a motion for summary judgment. Plaintiff's argument is not supported by legal authority.

Plaintiff also argues that because the <u>pro se</u> plaintiff in <u>Haines</u> was allowed "the opportunity to offer supporting evidence," this trumps the <u>de novo</u> standard of review. (Dkt. 23 at 5). Plaintiff states that because court review of fee waiver requests cite to prior court decisions, they did not act <u>de novo</u>. Plaintiff misunderstands the role of the court in this type of situation. The court reviews the USPTO's actions in making the fee waiver decision <u>de novo</u>, however it also considers legal precedents, including prior court decisions.[7] Actions where the court's review is limited to a review of the record are ideally suited for determination on pretrial dispositive motions. This is one such case. Neither Plaintiff's desire for trial nor the fact that he is appearing <u>pro se</u> creates a genuine issue of material fact where none exists.

---

[7] Likewise, it is not the case that Defendants are requesting <u>de novo</u> consideration, as Plaintiff suggests (Dkt. 23 at 6), rather, this is the standard of review set by statute for this type of case. <u>See</u> 5 U.S.C. § 552(a)(4)(vii).

### B. Defendants' Arguments

Defendants[8] assert that, on the basis of the administrative record, Plaintiff did not establish the first prong of the fee waiver test, i.e., that disclosure of the requested information is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the Government. Defendants also argue that Plaintiff is not properly classified as a "representative of the news media" for purposes of calculating fees. Defendants rely on the administrative record in making these arguments. Plaintiff maintains that he qualifies as a representative of the news media as that category has been applied in several prior court rulings.

#### 1. Representative of the News Media

Defendants allege that Plaintiff is not a representative of the news media under 37 C.F.R. § 102.11(c)(1)(iii).[9] Plaintiff's July 11, 2005 FOIA request does not explicitly ask that he be assessed fees as a representative of the news media. (Dkt. 6 at 64). In his letter appealing the denial of a fee waiver, Plaintiff states that he is "an individual seeking information for personal use and not for a commercial use." (Dkt. 6 at 26). Despite the lack of an explicit request to be considered a representative of the news media, the USPTO considered whether Plaintiff is a representative of the

---

[8] The undersigned recognizes that the "Federal Defendants" have moved for summary judgment; the Federal Defendants include the USPTO, Jon Dudas, Director of the USPTO, Michael Briskin, FOIA Officer for the USPTO, and Lisa Belasco, Acting Deputy General Counsel for the USPTO, all in their official capacities. However, as these individual Defendants have been sued only in their official capacities (Dkt. 1 at 2), the "Federal Defendants" are in fact all Defendants.

[9] As a preliminary matter, Defendant asserts that Plaintiff never requested to be assessed fees under this category, nor included this issue in his complaint. (Dkt. 20 at 11). It is true that Plaintiff did not explicitly ask the USPTO or this court to calculate fees as a "representative of the news media." However, in his July 11, 2005 FOIA request Plaintiff states that he "trust[s] there will be no fees for this request since the material will be used in connection with [Plaintiff's] website" and that "maintaining a website is the same as being a publisher." (Dkt. 6 at 64). Plaintiff also alleges in his complaint that he meets the criteria of a "representative of the news media." (Dkt. 1 at 4).

news media in its evaluation of Plaintiff's fee waiver request.  The USPTO decided that Plaintiff did not meet the legal criteria for a "representative of the news media."  (Dkt. 6 at 3).

There is some disagreement over the appropriate standard of review of an agency's denial of a FOIA requester's classification as a representative of the media classification.  See <u>Judicial Watch, Inc. v. Department of Justice</u>, 185 F.Supp.2d 54, 59 (D. D.C. 2002) (discussing different standards applied).  This standard of review is not fixed by statute, as opposed to the standard of review for denial of a fee waiver, which is set as <u>de novo</u> by 5 U.S.C. § 552(a)(4)(vii).  However, this question need not be resolved, because review under the <u>de novo</u> standard or under some more deferential standard lead to the same conclusion regarding Plaintiff's status as a representative of the news media.  The undersigned will therefore evaluate as a <u>de novo</u> determination whether Plaintiff is a representative of the news media.

A "representative of the news media" is "any person actively gathering news for an entity that is organized and operated to publish or broadcast news to the public." 37 C.F.R. § 102.11(b)(6). In this context, "news" means "information that is about current events or that would be of current interest to the public.  Examples of news media entities include television or radio stations broadcasting to the public at large and publishers of periodicals . . . that make their products available for purchase or subscription by the general public." <u>Id</u>.  A freelance journalist may be considered to work for a news organization by showing a publication contract with the news entity or by consideration of their past publication record.  <u>Id</u>.

Plaintiff does not present evidence that he was employed by a news organization such as a television station or newspaper or magazine publisher.  Rather, Plaintiff contends that the creation of his website, www.PatentOfficeLawsuit.info, where he posts "information about the operations


and activities of the USPTO," qualifies him as a representative of the news media. (Dkt. 23 at 3). Plaintiff cites several rulings as supporting this position, none of which are binding precedent upon this court. (Dkt. 23 at 5-6).

In one case Plaintiff highlights, National Security Archive v. Dept. of Defense, 880 F.2d 1381 (D.C. Cir. 1989), the court held that a research institution that had previously published a book and held an undisputed firm intention to publish "document sets" qualified as a representative of the news media for its FOIA request. Each "document set" centered on the U.S. policy towards a particular country or region and included not only documents obtained pursuant to the FOIA request, but also declassified government papers, interviews with government officials, official statements and press releases, Congressional testimony, newspaper accounts, and reports by congressional committees and the General Accounting Office. Id. at 1386. The "document sets" also contained "detailed cross-referenced indices, other finding aids, and a sophisticated computerized retrieval system" to aid users. Id. Coupled with the plaintiff's previous publication of a book, the dissemination of information through the "document sets" qualified the plaintiff as a representative of the news media. Id.

Likewise, in Electronic Privacy Information Center v. Department of Defense, 241 F.Supp.2d 5 (D. D.C. 2003), the plaintiff, a non-profit educational institution, had previously published seven books on privacy, technology, and civil liberties issues, and had issued a bi-weekly electronic newsletter on a continuous basis for eight years. The plaintiff's publications relied on information from many sources: FOIA requests, state and federal courts, government agencies, universities, international groups, law reviews, interest groups, and other news sources. Id. at 11. The district court held that the plaintiff's news dissemination activities met the Department of Defense's

regulations defining a representative of the news media. Id. at 15. The court noted, however, that publishing a newsletter does not automatically make an entity as a news organization and that maintaining a website is not by itself sufficient to qualify a FOIA requester as a representative of the news media. Id. at 14. As the district judge recognized, "[v]irtually every entity in the [local] area—businesses, law firms, trade associations, etc.—as well as many individuals, has a website, but certainly all are not entitled to news media status for fee determinations." Id.

Plaintiff here, however, has not provided any evidence that he works for a news media organization such as a television station or publisher of periodicals. Plaintiff states that his website has been featured in several newspaper articles and that Plaintiff has been invited to participate in a webcast to discuss the materials on his website. (Dkt. 23 at 10). However, Plaintiff has not shown that he is a "freelance" journalist with a "solid basis for expecting publication" through a news organization. See 37 C.F.R. § 102.11(b)(6). Being profiled in newspaper articles does not make Plaintiff a representative of the news media as defined by regulation or create a material factual dispute regarding this issue.

In addition, Plaintiff does not provide any evidence of traditional publication activities. For instance, unlike the plaintiffs in National Security Archive and Electronic Privacy Information Center, Plaintiff does not have a history of book publication. Plaintiff does not demonstrate a "firm intention" of creating or publishing an editorialized work. Plaintiff does not create a timely newsletter of current developments in a subject area or author an electronic newsletter or a subscription service related to his website. Nor does Plaintiff offer any other evidence that indicates he has or would perform an activity which would place him in the category of representative of the news media under 37 C.F.R. § 102.11(b)(6).

Plaintiff also does not offer any legal authority for the proposition that simply maintaining a website makes a FOIA requester a "representative of the news media." The undersigned agrees with the court in <u>Electronic Privacy Information Center</u> that the presence of a website alone does not qualify a FOIA requester as a representative of the news media.[10] 241 F.Supp.2d at 14 n.7. Thus there is no genuine issue of material fact as to whether Plaintiff is a "representative of the news media" under 37 C.F.R. § 102.11(b)(6) for purposes of his July 11, 2005 and August 2, 2005 FOIA requests.

### 2.     The Fee Waiver Test

The USPTO uses a two-part test to determine if a fee should be waived or reduced. The requester must demonstrate that: (1) disclosure of the requested information is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the Government; and (2) disclosure of the information is not primarily in the commercial interest of the requester. 37 C.F.R. § 102.11(k)(1)(i)-(ii).

In evaluating the first prong of the test, the USPTO considers four factors: (a) whether the subject of the requested records concerns the operations and activities of the Government; (b) whether the disclosure is "likely to contribute" to an understanding of Government operations or activities; (c) whether disclosure of the requested information will contribute to the understanding of a reasonably broad audience of persons interested in the subject, as opposed to the individual understanding of the requester; and (d) whether the disclosure is likely to contribute "significantly"

---

[10] As discussed above, the court in <u>Electronic Privacy Information Center</u> reasoned that simply publishing a newsletter or maintaining a website would not be adequate to make an entity a "news organization" or a FOIA requester a "representative of the news media." 241 F.Supp.2d at 14 n.6, n.7.

to public understanding of Government operations or activities. 37 C.F.R. § 102.11(k)(2).

In determining if the second prong is met, the USPTO considers two additional factors: (a) whether the requester has a commercial interest that would be furthered by the requested disclosure; and (b) whether any identified commercial interest of the requester is sufficiently large, in comparison with the public interest in disclosure, that disclosure is "primarily in the commercial interest of the requester." 37 C.F.R. § 102.11(k)(3). When requesting a waiver or reduction of fees, the requester must address the factors outlined above in their request. 37 C.F.R. § 102.11(k)(5).

Defendants contend that Plaintiff does not qualify for a fee waiver because he fails to satisfy the first prong of the public interest test outlined above: that the requested information is likely to contribute significantly to public understanding of the operations or activities of the Government. For the reasons that follow, the undersigned agrees with Defendants' position. Although failure to establish a genuine issue of material fact as to any single factor under first prong may allow the court to grant summary judgment, out of an abundance of caution the undersigned will consider all of the factors described in 37 C.F.R. § 102.11(k)(2).

### a. Whether the subject of the request concerns Government operations or activities

In defining this first factor of the public interest prong of the fee waiver test, the relevant portion of the regulation at 37 C.F.R. § 102.11(k)(2)(i) states:

> "The subject of the request: whether the subject of the requested records concerns the operations or activities of the Government. The subject of the requested records must concern identifiable operations or activities of the Federal Government, with a connection that is direct and clear, not remote or attenuated."

Defendants argue that the lawsuit allegation information Plaintiff requests does not concern the operations and activities of the USPTO in a meaningful way, nor do the addresses of parties in

13

litigation with the USPTO illuminate Government operations. Plaintiff reasons that "most lawsuits against the USPTO are concerned with their operations and activities." (Dkt. 23 at 6).

Lawsuit allegations brought against the USPTO are not related to the USPTO's identifiable operations and activities in a clear and direct manner. The names and addresses of the parties bringing such lawsuits are even more peripheral to the operations and activities of the USPTO. Plaintiff does not offer any concrete connection between his request and the USPTO's operations and activities; he simply assumes the information will be related. This is not sufficient. Judicial Watch, Inc. v. United States Dept. of Justice, 122 F.Supp.2d 13, 17 (D. D.C. 2000) (to satisfy first factor of fee waiver test's public interest prong, FOIA requester must do more than simply assert its request somehow relates to government operations).

Plaintiff bears the burden of addressing this factor in his request for the waiver or reduction of fees insofar as it applied to his request. 37 C.F.R. § 102.11(k)(5); see also Larson v. CIA, 843 F.2d 1481, 1483 (D.C. Cir. 1988) (citations omitted) (holding that 1986 amendments to FOIA did not shift the burden of proof from the requester).[11] In neither his July 11, 2005 request, nor his August 2, 2005 request did Plaintiff state how the information requested  - lawsuit allegations brought against the USPTO and the names and addresses of the parties to those suits - concern the operations or activities of the USPTO. Plaintiff has not met his burden of proof regarding this factor, as he has not shown a direct and clear relationship between his request and the identifiable operations or activities of the USPTO.

---

[11] Plaintiff suggests that Larson is no longer good law. (Dkt. 23 at 9, 11). This is incorrect; several courts have distinguished Larson on factual grounds, see, e.g., Rossotti, 326 F.3d at 1314; Prison Legal News v. Lappin, No. 05-1812, 2006 WL 1737483, at *8 (D. D.C. June 26, 2006); Rozet v. Dep't of Hous. & Urban Dev., 59 F.Supp.2d 55, 57 (D. D.C. 1999), but it retains legal authority for this point of law.

14

       **b.**  **Whether disclosure is "likely to contribute" to understanding Government operations or activities**

  The regulations describe the second factor as follows:

> "The informative value of the information to be disclosed: whether the disclosure is 'likely to contribute' to an understanding of Government operations or activities. The disclosable portions of the requested records must be meaningfully informative about Government operations or activities in order to be 'likely to contribute' to an increased public understanding of those operations or activities. The disclosure of information that already is in the public domain, in either a duplicative or a substantially identical form, would not be likely to contribute to such understanding."

37 C.F.R. § 102.11(k)(2)(ii). Defendants state that Plaintiff has not shown that allegations in lawsuits against the USPTO are "likely to contribute" to an understanding of USPTO operations or activities; Defendants argue in the alternative that the lawsuit information is already in the public domain and retrievable by the public through court system software. Plaintiff argues that it would be nearly impossible to show the requested documents are "meaningfully informative" about USPTO operations and activities before those documents are disclosed.

  In his fee waiver request, Plaintiff fails to discuss the informative value of the information sought, i.e., lawsuit allegations brought against the USPTO and the parties' names and addresses, or how this information is "likely to contribute" to increased public understanding of USPTO operations or activities. The mere assertion that the information requested will likely contribute to increased public understanding of the USPTO's operations is not sufficient to satisfy this factor of the analysis. See Judicial Watch, Inc., 122 F.Supp.2d at 18. In addition, the information Plaintiff requests is already in the public domain. The allegations in lawsuits brought against the USPTO, as well as the names and addresses of the parties or their representatives, are located in open records and available to the public in court documents. The fact that this information is already in the public

domain means that disclosure of this information is not "likely to contribute" to public understanding of the USPTO's activities and operations pursuant to 37 C.F.R. § 102.11(k)(2)(ii). Plaintiff has not met his burden of proof for the second factor of the analysis.

### c. Whether disclosure will contribute to the public's understanding of the subject

The regulations at 37 C.F.R. § 102.11(k)(2)(iii) detail the third factor of the fee waiver test in this way:

> "The contribution to an understanding of the subject by the public likely to result from disclosure: whether disclosure of the requested information will contribute to the understanding of a reasonably broad audience of persons interested in the subject, as opposed to the individual understanding of the requester. A requester's expertise in the subject area and ability and intention to effectively convey information to the public shall be considered. It shall be presumed that a representative of the news media satisfies this consideration. It shall be presumed that a requester who merely provides information to media sources does not satisfy this consideration."

Defendants claim that Plaintiff's fee waiver request does not include an assertion that Plaintiff intended to disseminate the information requested, and therefore Plaintiff made no showing that the requested information would contribute to the understanding of a reasonably broad audience of persons interested in the subject, as opposed to the individual understanding of the requester. Plaintiff asserts that he informed the USPTO that the requested materials would be used in connection with his website.

Plaintiff's July 11, 2005 FOIA request states that the documents requested would be used in connection with Plaintiff's website. (Dkt. 6 at 64). It is possible that Plaintiff is implying that he will post some of the information requested on his website; if so, this implication is far from clear. Plaintiff does not, in his FOIA requests, discuss any plans to convey the information to the public beyond alluding to the website. Simply maintaining a website is not disseminating

16

information to a broad audience of interested individuals.  Compare Rossotti, 326 F.3d at 1314 (plans to disseminate information nine ways—through press releases, a newsletter with nationwide circulation of 300,000, a website, a listserve with 60,000 subscribers, congressional testimony, a television show the plaintiff produces, a nationwide weekly radio program, appearances on radio and television, and conferences organized by the plaintiff—satisfied third factor of public interest fee waiver test); Electronic Privacy Information Center, 241 F.Supp.2d at 13 (producing a bi-weekly electronic newsletter with 15,000 subscribers for eight consecutive years qualifies as "disseminating news"); Judicial Watch, Inc., 185 F.Supp.2d at 62 (plans to disseminate information through faxes, press releases, website, and radio and television appearances satisfied third factor of the public interest prong of fee waiver test).

Plaintiff has not demonstrated that the disclosure will aid the understanding of a reasonably broad audience of persons interested in the USPTO.  Since Plaintiff does not fall into the category of "representative of the news media," Plaintiff is not entitled to a presumption that he has satisfied this factor of the analysis.  In fact, Plaintiff states that the material on his website has generated articles by several newspapers and other publications.  (Dkt. 23 at 9-10).  Because Plaintiff merely provides information to other media sources, and is not a representative of the news media himself, it is presumed that he has not satisfied this third factor.  37 C.F.R. § 102.11(k)(2)(iii).  Plaintiff does not offer evidence sufficient to overcome this presumption.  However, even if this factor weighed in Plaintiff's favor for summary judgment purposes, the lack of evidence regarding the other factors supports Defendants' position that summary judgment is appropriate.

### d. Whether the disclosure will contribute "significantly" to public understanding

The fourth factor of the fee waiver test is defined by regulation as:

> "The significance of the contribution to public understanding: whether the disclosure is likely to contribute 'significantly' to public understanding of Government operations or activities. The public's understanding of the subject in question prior to the disclosure must be significantly enhanced by the disclosure."

37 C.F.R. § 102.11(k)(2)(iv). Defendants assert that because Plaintiff's fee waiver request failed to fulfill the first three aspects above, it is impossible to evaluate whether the disclosure is likely to contribute significantly to public understanding of USPTO operations or activities. Plaintiff does not address this factor in either his fee waiver request nor his response. Plaintiff thus fails to show how disclosure of lawsuit allegations against the USPTO and names and addresses of litigants would significantly enhance the public's understanding of USPTO operations or activities. Plaintiff has failed to meet his burden with respect to this factor of the public interest prong of the fee waiver test.

Plaintiff bears the burden of addressing the factors outlined above in his request for a waiver or reduction of fees. 37 C.F.R. § 102.11(k)(5). Plaintiff has failed to satisfy this summary judgment burden on all four factors in the public interest prong of the fee waiver test: Plaintiff has not shown that the requested records have a direct and clear connection to the identifiable operations or activities of the USPTO, that the disclosure is likely to contribute to an understanding of USTPO operations or activities, that it will contribute to the understanding of a reasonably broad audience of persons interested in the subject, and that the disclosure will contribute significantly to public understanding.[12] Plaintiff therefore does not qualify for waiver of the fees associated with his July 11, 2006 and August 2, 2006 FOIA requests.

---

[12] Because Plaintiff has not satisfied the first prong of the public interest fee waiver test, it is unnecessary to reach the second prong: whether disclosure is primarily in the commercial interest of the requester.

### IV.   CONCLUSION

Upon Defendants' motion for summary judgment and <u>de novo</u> review of the administrative record regarding Plaintiff's fee waiver request, the undersigned finds that Plaintiff does not qualify as a representative of the news media for purposes of his July 11, 2006 and August 2, 2006 FOIA requests. Further, Plaintiff is not entitled to a waiver of the fees under the public interest exemption provided by 5 U.S.C. § 552(a)(4)(A)(iii). Defendant's request for summary judgment should be granted as there are no genuine issues of material fact regarding Plaintiff's challenge to the USPTO's denial of his request for a FOIA fee waiver. [13]

### V.   RECOMMENDATION

It is therefore **RECOMMENDED** that:

(1)   the Federal Defendants' **Motion for Summary Judgment** (Dkt. 20) be **GRANTED** and judgment entered for Defendants.

**DONE** and **ORDERED** in Tampa, Florida this 11th day of July, 2006.

_____
ELIZABETH A JENKINS
United States Magistrate Judge

---

[13] Plaintiff points out in his response that Defendants do not address Plaintiff's allegations of negligence in its motion for summary judgment. As part of his FOIA claim, Plaintiff asserts that USPTO personnel acted arbitrarily, capriciously, and negligently by withholding the documents that are the subject of the FOIA request, and by improperly applying caselaw in evaluating Plaintiff's fee waiver request. (Dkt. 1 at 15). Plaintiff's allegations of USPTO employee negligence are brought under FOIA and do not constitute a separate claim. Because the denial of a fee waiver was not improper, Plaintiff's related allegations as to USPTO employee negligence by withholding those documents or improper legal interpretation in the fee waiver decision-making process are no longer at issue.

## NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of this service shall bar an aggrieved party from attacking the factual findings on appeal and a <u>de novo</u> determination by a District Judge.  <u>See</u> 28 U.S.C. 636 (b)(1).