UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DAVID W.R. BROWN,

          **Plaintiff,**

vs.                             **Case No. 8:05-CV-2166-T-27EAJ**

UNITED STATES PATENT AND
TRADEMARK OFFICE, et al.,

          **Defendants.**

_____/

## ORDER

**THIS MATTER** is before the Court on the Report and Recommendation submitted by Magistrate Judge recommending that Defendants' Motion for Summary Judgment (Dkt. 20) be granted (Dkt. 44). Plaintiff has filed objections to the Report and Recommendation (Dkt. 45), and Defendants have filed a response (Dkt. 46). The Court will review each of Plaintiff's eleven (11) objections.[1]

    *1)*     *The Magistrate failed to infer benefit to pro se Plaintiff by failing to recognize that the certification of the administrative record was perjurious. (Dkt. 45, pp. 2-5).*

    Plaintiff's objection is overruled. The Magistrate conducted an independent review of the administrative record and gave adequate consideration to Plaintiff's contention that the record is incomplete. The Magistrate determined that the record was, in fact, complete and that Plaintiff's arguments to the contrary are "meritless." (Dkt. 44, pp. 5-6).

---

[1] Many of Plaintiff's objections are the same as the arguments he made in opposition to the summary judgment motion. To the extent the objections are repetitive, they were properly considered and disposed of by the Magistrate in her Report and Recommendation.

2)      *The Magistrate failed to infer that a pro se party is "afforded exceptional deference."* (Dkt. 45, pp. 5-8).

Plaintiff's objection is overruled.  The Magistrate set forth the appropriate standard to be applied when considering a *pro se* party's pleadings and appropriately applied this standard to the present case.  (Dkt. 44, pp. 6-7).  Plaintiff is not entitled to any more of a lenient standard than that applied by the Magistrate.

3)      *The Magistrate failed to infer that a pro se Plaintiff is to be given the opportunity to present evidence.  (Dkt. 45, p. 8).*

Plaintiff's objection is overruled.  Plaintiff was provided an opportunity to present documentary evidence in support of his opposition to Defendant's motion for summary judgment. Notwithstanding, the Magistrate applied the appropriate legal standard in reviewing the summary judgment motion and was not required to hear evidence from Plaintiff prior to entering her Report and Recommendation.  (Dkt. 44, p. 7).

4)      *The Magistrate failed to infer that a pro se Plaintiff is entitled to discovery and a trial.  (Dkt. 45, pp. 8-9).*

Plaintiff's objection is overruled.  Although Plaintiff has a general right to litigate his case, that right, including the right to conduct discovery and proceed to trial, is foreclosed by entry of summary judgment on his claims.  For the reasons discussed herein, the Magistrate appropriately found that Defendants are entitled to summary judgment.

5)      *The Magistrate failed to infer that the allegations of a pro se Plaintiff are to be taken as true.  (Dkt. 45, pp. 9-10).*

Plaintiff's objection is overruled.  The Magistrate applied the appropriate legal standard in reviewing the summary judgment motion.  (Dkt. 44, p. 3).

6)      *The Magistrate failed to infer benefit to pro se Plaintiff by "ignoring fee waiver rulings favorable to him." (Dkt. 45, pp. 10-13).*

Plaintiff's objection is overruled. The Magistrate considered each of the cases cited by Plaintiff in his objections (Dkt. 45, p. 10) and considered each of Plaintiff's arguments in opposition to summary judgment. (Dkt. 44, pp. 4-18). Plaintiff provides no basis or specific facts to support his accusation that the Magistrate "ignored" applicable, controlling law. Plaintiff's disagreement with the Magistrate's legal conclusions is not a basis for overruling the Report and Recommendation.

7)      *The Magistrate failed to infer benefit to pro se Plaintiff "by affirmatively citing cases that were favorable to her former employer while denigrating those very same cases when cited by plaintiff."[2] (Dkt. 45, pp. 13-14).*

Plaintiff's objection is overruled. Again, Plaintiff provides no basis or specific facts to support his accusation that the Magistrate "ignored" applicable, controlling law. Further, Plaintiff's accusations of bias or impartiality were addressed and rejected by the Magistrate in her order denying Plaintiff's motion for recusal (Dkt. 39).

8)      *The Magistrate failed to infer benefit to pro se Plaintiff by "using a Standard of Review based on de novo considerations rather than those laid down by the U.S. Supreme Court for pro se's." (Dkt. 45, pp. 14-15).*

Plaintiff's objection is overruled. Again, the Magistrate set forth the appropriate standard to be applied when considering a *pro se* party's pleadings and appropriately applied this standard to the present case. (Dkt. 44, pp. 6-7). The Magistrate also applied the appropriate legal standard of review. (Dkt. 44, p. 4). Plaintiff has not provided any legal authority or specific facts to support his

_____

[2] Despite having been previously admonished, Plaintiff's objections are replete with inappropriate and disparaging remarks and accusations directed at the Magistrate Judge. (Dkt. 35). These remarks and accusations are unwarranted and unfounded.

3

arguments to the contrary.

9)     The Magistrate failed to infer benefit to pro se Plaintiff by "improperly shifting the summary judgment burden of proof from the moving party to the non-moving party." (Dkt. 45, pp. 15-17).

Plaintiff's objection is overruled. The Magistrate applied the appropriate legal standard in reviewing the summary judgment motion. (Dkt. 44, p. 3).

10)     The Magistrate failed to infer benefit to pro se Plaintiff by "attributing undeserved status to Larson v. CIA." (Dkt. 45, pp. 17-19).

Plaintiff's objection is overruled. The Magistrate appropriately applied Larson v. CIA, 843 F.2d 1481 (D.C. Cir. 2000) to the facts of the present case. (Dkt. 44, p. 14). Moreover, the Magistrate specifically addressed and rejected Plaintiff's argument that Larson is no longer good law. (Dkt. 44, p. 14, n.11).

11)     The Magistrate failed to infer benefit to pro se Plaintiff by "misreading the plaintiff's 'Jurisdiction and Venue' statement in the original Complaint." (Dkt. 45, pp. 19-20).

Plaintiff's objection is overruled. The summary judgment motion did not raise jurisdictional or venue issues. Further, the Magistrate appropriate considered Plaintiff's negligence claim in the context of the summary judgment motion. (Dkt. 44, p. 19, n.13). Contrary to Plaintiff's objection, Plaintiff cannot defeat a motion for summary judgment simply by alleging negligence in the face of Defendants' denial of liability.

The Magistrate determined that there are no issues of material fact regarding Plaintiff's challenge to the United States Patent and Trademark Office's denial of his request for a Freedom of Information Act (5 U.S.C. § 552) fee waiver. After careful consideration of the thorough, comprehensive, and well-reasoned Report and Recommendation, Plaintiffs' objections, and

4

Defendants' response, in conjunction with an independent examination of the file, the Court is of the opinion that the Report and Recommendation should be adopted, confirmed, and approved in all respects. Accordingly, it is

**ORDERED AND ADJUDGED** that the Report and Recommendation (Dkt. 44) is adopted, confirmed, and approved in all respects and is made a part of this order for all purposes, including appellate review. Defendants' Motion for Summary Judgment (Dkt. 20) is **GRANTED**. Judgment is entered in favor of Defendants, United States Patent and Trademark Office, John Dudas, Michael Briskin, and Lisa Belasco. All pending motions are **DENIED** as moot. The Clerk is directed to close this case.

**DONE AND ORDERED** in Tampa, Florida, on this 11th day of August, 2006.

**JAMES D. WHITTEMORE**
**United States District Judge**

Copies to:
Counsel of Record